THE FIRST NATIONAL BANK OF DILLONVALE v.
YOUNG, EXECUTRIX.

*Executors and administrators — Limitation of action against —
Section 10746, General Code — Cause of action accrues, when
— Default of interest on bonds guaranteed by decedent.*

Y sold bonds of a coal company and guaranteed the payment of
the interest and principal when they became due. He died in
1909 and an executrix of his estate was appointed the same
year. March 1, 1912, the company defaulted in payment of
interest and its property was sold the same year, but the sum
realized was insufficient to pay the principal and interest of
said bonds. Claim under the guaranty was made upon the
executrix January 7, 1913. *Held:*

That the cause of action accrued March 1, 1912, and that as the claim
was not presented within six months from such date it was barred
by Section 10746, General Code.

(Decided October 15, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Smith, Taft & Arter,* for plaintiff in
error.

*Messrs. Cushing & Lamb* and *Mr. I. T. Siddall,*
for defendant in error.

LIEGHLEY, J. The parties stood in the same
order below. In May, 1906, T. E. Young sold
three (3) one thousand dollar ($1,000) bonds of
the Wabash Coal Company to plaintiff. As alleged
in the amended petition, said T. E. Young guar-
anteed the payment of said bonds and interest, by
letter, in the following language:

"I will guarantee the payment of the interest,
and also the principal when they become due."

Said bonds were secured by mortgage on the property of the Wabash Coal Company. Said T. E. Young died on September 2, 1909, and on September 8, 1909, his will was offered for probate in Cuyahoga county and Maud S. Young was named executrix, who qualified as such. On March 1, 1912, said coal company defaulted in payment of interest. Some time in 1912 the receiver for said coal company instituted foreclosure proceedings, and on November 11, 1912, sold the property of said coal company for fifty-two thousand dollars ($52,000) which sum was insufficient to pay the principal and interest of the first mortgage bonds.

It is claimed by plaintiff that the liability of defendant is contingent, and did not accrue, and the amount thereof was not ascertainable, until the property was sold. The estate of said T. E. Young not having been fully administered, a claim, founded upon said guaranty, was presented to the executrix on January 7, 1913. It is further claimed by plaintiff that said claim was allowed by the executrix, but has never been paid.

It is claimed by the defendant that the cause of action did not accrue until more than eighteen (18) months after said executrix qualified, and, although the estate at that time was not fully administered, said plaintiff failed to present its claim to said executrix until about ten (10) months after the accruing thereof.

It is claimed by defendant that said cause of action accrued March 1, 1912, and that the provisions of Section 10746, General Code (102 O. L., 203), are controlling in this case.

This cause came to trial in the court below upon the amended petition of the plaintiff, the amended answer of defendant, and the reply of plaintiff thereto. In the amended answer it is alleged that by the provisions of said bonds, as well as the mortgage or deed of trust securing the same, the principal of each of said bonds became due on the default of payment of any coupon.

It is further alleged that the property of the coal company was placed in the hands of the receiver in December, 1911, and that there was default in the payment of the interest coupon on March 1, 1912, following, and that, therefore, all the bonds and interest became due under the provision above quoted, on March 1, 1912.

The reply of plaintiff denies that the bonds became due at the time alleged by defendant, which is a conclusion. Said reply fails to deny that said bonds and mortgage contain the provision for default alleged by defendant in her answer.

It is our opinion that the guaranty, couched in the language that it was and is, constitutes a guaranty of payment; that the bonds and interest all became due March 1, 1912. *Castle* v. *Rickly,* 44 Ohio St., 490, 496.

The pleadings and briefs of counsel for plaintiff concede that no claim was presented to the executrix until January 7, 1913, more than six (6) months after the accruing of action on said guaranty. In view of the fact that it is our opinion that Section 10746, General Code, is controlling in this case, we hold that said cause of action was barred by said statute.

The judgment is, therefore, affirmed at the costs of plaintiff in error.

*Judgment affirmed.*

GRANT and CARPENTER, JJ., concur.